■ In the Matter of the Claim of DARRELL CLINGMAN, Respondent, v. CHARLES CUSHMAN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award for disability compensation. Appellants challenge the finding of employer-employee relationship, and also the jurisdiction of the New York Workmen's Compensation Board. Cushman, the alleged employer, was a public trainer of race horses, training many horses for several owners. There is evidence from which the board could find, as it did, that Cushman's place of business was in New York. Claimant, a resident of New York, is a jockey and exercise boy by occupation. It is without dispute that claimant was in Cushman's employ as an exercise boy, riding various horses being trained by Cushman in New York, at a salary of $300 per month from February until the latter part of May, 1955, as well as to ride Cushman trained horses in races both during and after this period. There is evidence that Cushman, as trainer, had complete charge of the horses which he was hired to train, including the selection and hiring of the jockey to ride any particular horse in a race. There was a general understanding between claimant and Cushman that claimant would ride Cushman trained horses in New York, and he had done so quite frequently. Cushman was training a horse named "Goose Bay" for a Mrs. Patterson of Pittsburgh, Pa. Claimant had ridden this horse in races in New York five or six times previous to the accident. A day or two before June 21, 1955, Cushman called claimant in New York and requested him to ride "Goose Bay" in a particular race in the State of Delaware on June 21, 1955. It was in that race that claimant was injured. It was understood between claimant and Cushman that claimant would return after that particular assignment to New York to ride horses trained by Cushman in the near future. There is evidence that Cushman had the right to hire and fire a jockey, and he gave all of the instructions and directions to claimant, although ultimately, but not initially, claimant's compensation was paid by the owner. Cushman carried a New York compensation insurance policy which listed his place of business as Queens Village, Long Island, New York. It would seem that a clear factual situation was presented for determination by the board, and that there is ade-

quate evidence to support the board's finding that claimant was an employee of Cushman and that New York was the place of employment despite the fact that the accident happened outside of the State on a temporary assignment. Award unanimously affirmed, with costs to the Workmen's Compensation Board.